IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE THOMPSONS FILM, LLC, | ) | CASE NO. 1:13 CV 595 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DOES 1-44, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |

This matter is before the Court on the "Motion to Quash Subpoena Relating to Defendant "John Doe" With Computer Internet Protocol ("IP") Address 74.5.150.147 Pursuant to F.R.C.P. 45 9(c); Motion to Dismiss Complaint Against "John Doe" 74.5.150.147." (ECF #12). Plaintiffs' filed an Opposition to the Motion to Quash. (ECF #13). The Motion in essence seeks to prevent the disclosure of the personal identity of the "John Doe" associated with IP Address 74.5.150.147. The only grounds cited in support of the motion to quash is that the person associated with this IP Address has a "personal right and privacy interest to his own identity and to whom his identity will, or will not, be disclosed."

Generally, parties may obtain discovery regarding any matter, not privileged, that is

relevant to the subject matter involved in the pending action. Fed. R. Civ. Pro. 26(b)(1). Discovery may involve "any person," whether or not that person is identified in the Complaint. Fed. R. Civ. Pro. 30(a)(1). The general standard for a motion to quash. Fed. R. Civ. Pro. 45(c)(3), states that a court must quash or modify a subpoena that:

    (I)      fails to allow a reasonable time to comply;
    (ii)     requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business . . .
    (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv)    subjects a person to undue burden.

The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. See *Pacific Century Int'l Ltd. V. Does 1-37*, —F.Supp.2d—, 2012 WL 1072312, at *2 (N.D. Ill. March 30, 2012). There are no allegations in this instance that the subpoena requires compliance within an unreasonable time, or that they would require extensive travel by a third-party to the litigation. Further, there has been no showing that the requested depositions would subject anyone to any undue burden. Therefore, only the issue of privilege remains.

    A person's identity is not privileged or protected in the face of accusations of copyright infringement. Although individuals may have a First Amendment right to engage in anonymous speech on the internet, these protections do not extend to shield the identity of persons involved in (or accused of involvement in) copyright infringement. *Hard Drive Productions v. Does* 1-48, 2012 WL 2196038, at *4 (N.D. Ill)(citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). Accordingly, the right of anonymity does not create a protection or privilege sufficient to satisfy the requirements for a motion to quash when raised to prevent a plaintiff from

accessing the protections afforded to it by law. *Id* at *4; *First time Video LLC v. Doe*, 276 F.R.D. 241, 248 (N.D. Ill. 2011); *Voltage Pictures, LLC v. Does* 1-5,000, 818 F.Supp.2d 28, 36 (D.D.C. 2011). Further, because internet subscribers have necessarily conveyed their identity and other identifying information to and ISP provider in order to establish an account, they do not have a "reasonable expectation of privacy in their subscriber information." *Hard Drive Productions* at *4 (quoting *First time Video* at 294); *see also Boy Racer, Inc. v. Does* 1-34, No. 11-23035, 2012 WL 1535703, at *4 (S.D. Fla. May 1, 2012). Finally, the Complaint sufficiently alleges the person associated with the above-referenced IP address is guilty of copyright infringement, and protestations of innocence have no affect on Plaintiff right to engage in the requested discovery.

    For all of the above reasons, the motion to quash is DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Donald C. Nugent
United Stated District Judge

Date: **August 8, 2013**